James D. SCHNELLER, Heirs and Beneficiaries of Marjorie C. Schneller, by James D. Schneller, Trustee Ad Litem; Estate of Marjorie Schneller, by and through James D. Schneller, Trustee Ad Litem; Marjorie Zitomer, Executrix of the Estate of Marjorie Schneller; Estate of George H. Schneller, by and through personal representative James D. Schneller

v.

PROSPECT PARK NURSING AND REHABILITATION CENTER, It's owners and employees, including; Monica Rendell, R.N.; Fran Doe, R.N. said last name being fictitious and unknown; Herman McGill, M.D.; Suburban Pulmonary Medicine, and principals; Daniel Dupont, D.O.; E. Heffelfinger, D.O.; Gerald Meis, D.O.; Marjorie Zitomer; Richard Schneller; T. Sergeant Pepper, Esq.; Hepburn, Willcox, Hamilton & Putnam LLP.

James D. Schneller, Appellant.

No. 06–3067.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Oct. 13, 2006.

Filed: Oct. 26, 2006.

James D. Schneller, Radnor, PA, pro se.

George H. Knoell, III, Kane, Pugh, Knoell, Troy & Kramer, Norristown, PA, for Herman McGill, M.D.

Kevin H. Wright, Kevin H. Wright & Associates, Conshohocken, PA, for Daniel Dupont, D.O., E. Heffelfinger, D.O. and Gerald Meis, D.O.

Susan L. White, Hepburn, Willcox, Hamilton & Putnam, Philadelphia, PA, for Richard Schneller, T. Sergeant Pepper, Esq., Hepburn, Willcox, Hamilton & Putnam LLP and Marjorie Zitomer.

Before: FUENTES, VAN ANTWERPEN and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Appellant, James Schneller, appeals from the District Court's denial of his motion to proceed in forma pauperis. We exercise jurisdiction pursuant to 28 U.S.C.

§ 1291 and review the District Court's determination for abuse of discretion. *See Jones v. Zimmerman,* 752 F.2d 76, 78 (3d Cir.1985).

Schneller brought this action and two companion cases against various healthcare providers, state agencies, and attorneys for alleged wrongdoing related to the deaths of his parents in 2001 and 2002. He filed a Motion to Proceed In Forma Pauperis in the District Court on February 3, 2006, stating that he had no cash savings or valuable property, and that distributions from a spendthrift trust constituted his only income. This trust reportedly made direct payments for his rent, utilities, and health insurance, and distributed $100 per week to Schneller for additional expenses. The District Court denied this motion on April 18, pointing out that Schneller spent most of his discretionary income on costs related to ongoing cases he had brought in state court. Schneller filed a notice of appeal on June 8 and was granted leave by this Court to proceed with his appeal in forma pauperis.

After a thorough and careful review of the record, we are not convinced that the District Court abused its discretion in denying leave to proceed in forma pauperis Accordingly, we will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).